any guilt, but "felt sorry that you had lost the money?"

Appellant admitted being present while Trimmier was asleep in his home and testified that he left with Mildred Hassen and took her home, but he denied that he took any money from Trimmier or that he told Mildred Hassen to do so, or that he received any money from her. He claimed that he himself went to sleep and was awakened by the woman shaking him and saying "Get up, I have to go home."

There are no bills of exception, formal or informal, unless it be an exception reserved to the overruling of a motion to exclude testimony of the defendant on cross-examination to the effect that he was convicted of forgery in 1938.

The testimony was admitted without objection, and there is nothing to show that appellant's counsel did not have the opportunity to object or to excuse his failure to do so. The motion does not show when it was filed or presented except that it was filed on the day of the trial.

We have not been favored with a brief presenting appellant's contention, but have carefully considered the sufficiency of the circumstantial evidence to corroborate the accomplice and to sustain the conviction. We have concluded that the evidence is sufficient and that we would not be justified in disturbing the jury's verdict.

The judgment is affirmed.

### Alfredo DELGADO v. STATE.
#### No. 27028.

Court of Criminal Appeals of Texas.

May 19, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for bigamy. The punishment assessed is confinement in the state penitentiary for a term of five years.

Since perfecting his appeal, the appellant has filed a written motion, duly verified, requesting the dismissal thereof. The motion is granted and the appeal is dismissed.

### SITZ v. STATE.
#### No. 26997.

Court of Criminal Appeals of Texas.

May 12, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

WOODLEY, Judge.

This case arose in the Justice Court where appellant was charged and convict-

ed for disturbing the peace. On appeal to the county court he was again convicted of said offense and his punishment was assessed at a fine of $100.

Under the provisions of Art. 53, C.C.P., this court is without jurisdiction of the appeal, the fine not exceeding $100. See Bass v. State, 153 Tex.Cr.R. 441, 221 S.W.2d 239, and cases there cited.

The appeal is dismissed.