In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00118-CR


______________________________




YANCEY LEE JAMES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Austin County, Texas


Trial Court No. 22011




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Yancey Lee James pled nolo contendere in the county court at law to a complaint
of disorderly conduct. The court assessed a fine of $100.00 as punishment. James
contends the trial court erred in denying his motion to suppress evidence obtained as a
result of his warrantless arrest.

 A court of appeals lacks appellate jurisdiction over criminal cases in which the fine
imposed by the county court at law does not exceed $100.00, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based. Tex. Code
Crim. Proc. Ann. art. 4.03 (Vernon Supp. 2002); Barksdale v. State, 441 S.W.2d 534, 534
(Tex. Crim. App. 1969) (court lacked jurisdiction because fine was $100.00); Sitz v. State,
267 S.W.2d 838, 839 (Tex. Crim. App. 1954). Because the fine in this case does not
exceed $100.00 and James does not complain about the constitutionality of the statute on
which the conviction is based, we lack jurisdiction over the appeal.

 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: January 25, 2002

Date Decided: January 25, 2002


Do Not Publish



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00042-CR
______________________________


LEE ANTHONY PESCAIA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31013-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Lee Anthony Pescaia appeals his conviction for possession of a firearm by a felon. Pescaia
pled guilty and elected to have punishment assessed by a jury. The jury assessed punishment at eight
years' imprisonment. The trial court sentenced Pescaia consistent with the jury's assessment. Pescaia
appeals, alleging the trial court erred in overruling his objection to improper comments relating to
parole law made by the State during closing argument. We affirm.
            While on patrol in Gregg County, Douglas Morgan, an officer with the White Oak Police
Department, pulled Pescaia over after observing Pescaia's vehicle swerve several times into the
opposite lane of traffic and that Pescaia's vehicle's brake light was out. Officer Morgan discovered
two rifles on the passenger seat of the pickup and a pistol on the console. Pescaia pled guilty and
stipulated that he had previously been convicted of felony possession of a controlled substance and
that he possessed a firearm before the fifth anniversary of his release from confinement. The State
introduced evidence of the prior conviction for possession of a controlled substance. The State also
introduced evidence that Pescaia had been convicted twice of driving while intoxicated and for
another possession of a controlled substance. In addition, Pescaia had received deferred adjudication
for possession of marihuana. Since possession of a firearm by a felon is a third degree felony,
Pescaia was subject to imprisonment of not less than two years or more than ten years. 
            As his sole issue on appeal, Pescaia contends the trial court erred by overruling his objection
to comments made by the State during closing argument. The State argued to the jury that Pescaia
would only have to serve a quarter of his sentence, and Pescaia objected to the State's comments. 
The relevant record is as follows:
[Prosecutor]: . . . One quarter of eligibility. In your jury charge, what does
it say? Actual time plus good conduct time. So, my gosh, if I get ten years, actual
time plus good time, a -- quarter of that time, that's 2.5 years, even if I make the
maximum, ten years.
 
[Defense Counsel]: Judge, I'm going to object to any argument on parole law. 
The Charge clearly says do not use it as it applies to this defendant.
 
THE COURT: The jury will be governed by what is stated in the Charge. 
You may continue.
 
[Prosecutor]: You read the Court's Charge. You read the Court's Charge. He
wants two years. Leniency may fit the crime, but leniency doesn't fit Lee Pescaia.

Pescaia characterizes this exchange as overruling his objection to the State's comments and asserts
the trial court's comments are sufficient to preserve error. We disagree.
            The Texas Court of Criminal Appeals has held that "before a defendant will be permitted to
complain on appeal about an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling." McFarland v. State, 989 S.W.2d 749, 751 (Tex. Crim. App.
1999); see Dean v. State, 995 S.W.2d 846, 850 (Tex. App.—Waco 1999, pet. ref'd). Generally, in
order to preserve a complaint for appellate review, the record must show (1) that the complaint was
made to the trial court by a request, objection, or motion that was timely and sufficiently specific to
make the trial court aware of the grounds of the complaint and (2) that the trial court ruled adversely. 
Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). If the objection is sustained, counsel
must then ask for an instruction to disregard. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim.
App. 1985); Schumacher v. State, 72 S.W.3d 43, 47 (Tex. App.—Texarkana 2001, pet. ref'd). If the
instruction is given, counsel must then move for a mistrial. Nethery, 692 S.W.2d at 701;
Schumacher, 72 S.W.3d at 47. If counsel does not pursue the objection to an adverse ruling, error
is not preserved. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). While Pescaia is correct in claiming that he was not required to move for a mistrial if the
objection was overruled, we do not believe the trial court made an adverse ruling in this case.
            Rule 33.1 of the Texas Rules of Appellate Procedure requires the trial court to have "ruled
on the request, objection, or motion, either expressly or implicitly." Tex. R. App. P. 33.1(a)(2). 
Since the trial court did not expressly rule on the objection, we must determine whether the trial
court implicitly ruled on the objection. See State v. Kelley, 20 S.W.3d 147, 153 n.3 (Tex.
App.—Texarkana 2000, no pet.). An implicit ruling may be sufficient to preserve error.


 In
Washington v. State, the First Court of Appeals held that error related to alleged improper jury
argument was not preserved when the trial court, in response to an objection, admonished counsel
to "stay within the record." 16 S.W.3d 70, 73 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd). 
Similarly, in this case, the trial court stated that "[t]he jury will be governed by what is stated in the
Charge. You may continue." Counsel's objection referred to a portion of the jury charge that
directed the jury not to apply the parole law to Pescaia. The court then admonished the jury to be
governed by the jury charge. With no further objection or request, it was reasonable to conclude that
the trial court's action satisfied the objection. Further, the trial court did not take any subsequent
actions that would indicate an adverse ruling.


 We find the trial court's response in the present case
did not constitute an adverse ruling on the defense objection. Because Pescaia did not pursue his
objection to an adverse ruling, error was not preserved for appellate review. We overrule Pescaia's
sole point of error.
            For the reasons stated, we affirm.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 30, 2004
Date Decided:             October 21, 2004

Do Not Publish