NO. 07-08-0275-CR; 07-08-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 26, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

TERRY LEE JOBE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,912-C, 43,913-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Terry Lee Jobe, appeals his adjudications of guilt and subsequent
sentences in each of the above referenced cases. In Cause No. 07-08-00275-CR,
appellant entered a plea of guilty to two counts of indecency with a child and was placed
on deferred adjudication community supervision for a period of eight years for each count. 
In Cause No. 07-08-00276-CR, appellant entered a plea of guilty to the offense of
aggravated sexual assault of a child and was placed on deferred adjudication community
supervision for a period of eight years. The guilty pleas were the result of a plea bargain
and were accepted by the court on October 1, 2007. 
Â Â Â Â Â Â Â Â Â Â On March 19, 2008, the State filed a motion to proceed with adjudication on both
cases. Subsequently, on May 23, 2008, the State filed amended motions to proceed with
adjudication. A hearing on both motions to proceed with adjudication was held on June
6, 2008. Appellant entered a plea of true to the allegations contained in both of the
motions to proceed. The trial court found the allegations true and found appellant guilty
of both counts of indecency with a child and of aggravated sexual assault of a child. After
conducting a hearing on punishment, the trial court sentenced appellant to confinement in
the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 20
years on each count in Cause No. 07-08-00275-CR, with the terms of confinement for each
count to be served concurrently. In Cause No. 07-08-00276-CR, the trial court sentenced
appellant to 99 years confinement in the ID-TDCJ. The trial court ordered that the
sentences in Cause No. 07-08-00275-CR be served consecutively to the sentence
imposed in Cause No. 07-08-00276-CR. Appellant gave notice of appeal and this appeal
followed. We affirm the judgments and grant appellantâs counselâs motions to withdraw.
Â Â Â Â Â Â Â Â Â Â Appellantâs attorney has filed an Anders brief and a motion to withdraw in each of
the cases. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). 
In support of her motions to withdraw, counsel certifies that she has diligently reviewed the
record and, in her opinion, the record reflects no reversible error upon which an appeal can
be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the trial courtâs judgment. Additionally, counsel has certified
that she has provided appellant a copy of the Anders brief and motion to withdraw and
appropriately advised appellant of his right to file a pro se response in these matters. See 
Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised
appellant of his right to file a pro se response. Subsequent to the court advising appellant
of his right to file a pro se response, appellant requested an extension of time to file that
response. Appellantâs motion for an extension of time to file a response was granted,
making his response due on December 15, 2008. However, appellant has not filed a
response.
Â 
Â Â Â Â Â Â Â Â Â Â By her Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Â Â Â Â Â Â Â Â Â Â Accordingly, counselâs motion to withdraw is hereby granted and the trial courtâs
judgment is affirmed.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Do not publish. 



dden="false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0228-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



JULY
23, 2010

Â 



Â 

CRAIG MOORING,  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

v.

Â 

THE STATE OF TEXAS,Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

___________________________

Â 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

Â 

NO. 2009-422,626; HONORABLE CECIL G.
PURYEAR, PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Craig
Mooring was convicted of evading arrest with a motor vehicle.[1]Â  He challenges the conviction by contending
that 1) the evidence is legally and factually insufficient to support it, 2) the
trial court abused its discretion in admitting evidence of purported extraneous
offenses, and 3) the trial court erred in denying his motion to suppress
evidence.Â  We affirm the judgment. 

Â Â Â Â Â Â Â Â Â Â Â  Background

Â Â Â Â Â Â Â Â Â Â Â  On February 13, 2008, Officer Chris
Paine observed appellant and Jeremy DavisÂ 
enter the Two BrotherÂs self-serve car wash at the corner of Parkway Drive
and Zenith Avenue.Â  The officer also
noticed that the white Crown Victoria car being driven had an expired registration.
Â Because the car wash is known to be the
site of narcotics activity, the officer watched the two and eventually learned
that there was an outstanding warrant for appellantÂs arrest.Â  During this period, appellantÂs car was
washed by another person while appellant and Davis were approached by several
individuals for brief periods.Â  This
activity led Paine to conclude that the two men were selling drugs.Â  

Â Â Â Â Â Â Â Â Â Â Â  Appellant and
Davis later entered the car, with appellant in the driverÂs seat.Â  Paine testified that he and appellant made eye
contact with each other before the car pulled out into traffic.Â  Paine also said that appellant waited for
traffic to come between him and appellant and for the light at the nearest
intersection to change from green before pulling into the intersection. Â While attempting to follow the vehicle through
the intersection, the officer activated his lights and siren.Â  Thereafter, he turned them off.Â  

Â Â Â Â Â Â Â Â Â Â Â  Paine requested
Officer Corey Williams to assist him in pursuing appellant. Â Williams spotted appellantÂs vehicle while
Paine was crossing the intersection.Â 
Williams believed that appellant and Davis saw his squad car before turning
onto East 1st Place.Â  Williams
did not activate his lights or siren.Â  

Â Â Â Â Â Â Â Â Â Â Â  After appellant
made another turn, Williams sped up to try to catch the Crown Victoria.Â  Appellant was driving over 50 m.p.h. in a
residential area and making sharp turns by that time, according to the officer.Â  Eventually, Williams activated his lights
when he turned onto the street where appellant had turned.Â  At that point, the officer saw appellantÂs
vehicle pull into a random driveway and stop at an awkward angle.Â  Appellant and his companion left the car
running, exited it, left the doors open, and hurriedly walked away.Â  When ordered to stop, however, they did.Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  Issues 1 and 2 Â Sufficiency of the Evidence

Â Â Â Â Â Â Â Â Â Â Â  In his first two issues, appellant
contends that the evidence was both legally and factually insufficient to show
that he knew the police were attempting to arrest or detain him. Â Â We overrule the issues.

Â Â Â Â Â Â Â Â Â Â Â  The pertinent
standards of review are discussed in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex.
Crim. App. 2006).Â  We need not address
them further.

Â Â Â Â Â Â Â Â Â Â Â  Next, to
convict appellant of the charged offense, the State had to prove that he
intentionally fled from a person he knew was a peace officer attempting to
lawfully arrest or detain him.Â  Tex. Penal Code Ann. Â§38.04(a) (Vernon Supp.
2009).Â  This burden may be met through
circumstantial evidence.Â  Wright v. State, 855 S.W.2d 110, 112
(Tex. App.ÂHouston [14th Dist.] 1993, no pet.).Â  Both direct and circumstantial evidence of
appellantÂs culpability appears of record.Â 
Such evidence consisted of the officer testifying that appellant made
eye contact with him before leaving the car wash, that appellant sped through
the residential area, that appellant and his friend stopped in a random
driveway and briskly left, and that the vehicle was left running with car doors
open as they fled.Â  To this, we add
appellantÂs own words and that of his companion.Â  They were recorded saying, as they sat in the
squad car: Â ÂThey hit their lights at the
red light, but we were already gone.Â  So
we burnt them hoÂs off[,]Â andÂ  ÂYea,
they couldnÂt get, get behind our ass.ÂÂ 
Together, this is some evidence upon which a rational jury could
conclude beyond reasonable doubt that appellant knew the officers were
attempting to detain him when he sped away.Â Â 
See Gray v. State, 821 S.W.2d
721, 723-24 (Tex. App.ÂCorpusÂ  Christi
1991, pet. refÂd) (finding the evidence sufficient when 1) the officer was
driving a marked vehicle, 2) the defendant sped up and exceeded the speed
limit, turned and looked at the officer, swerved right and drove off the
shoulder of the road to quickly pass a car in front and accelerated again, 3) the
officer only briefly turned on his emergency lights at that point and pursued
the defendant, and 4) the defendant turned into a driveway and rushed to the
front door).Â  Â Â oHorneHorHhhhÂ Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Appellant
did testify at trial and denied that he made eye contact with Paine, that he
saw the officerÂs lights or sirens before stopping the vehicle, that the
officers had any reason to stop him, or that he was attempting to evade the
officer.Â  While this contradicted the
officersÂ testimony, the jury was free to decide who to believe and whether to
disregard appellantÂs version of events.Â 
Jones v. State, 984 S.W.2d
254, 258 (Tex. Crim. App. 1998).Â  They
having apparently opted to disbelieve appellant, we cannot say that their verdict
was or is against the great weight of the evidence or otherwise manifesly
unjust.Â  In other words, it has the
support of both legally and factually sufficient evidence.Â  

Â Â Â Â Â Â Â Â Â Â Â  Issue 3 Â Extraneous Offenses

Â Â Â Â Â Â Â Â Â Â Â  In his third issue, appellant
complains of the trial courtÂs admission into evidence of extraneous acts and
offenses without adequate notice by the State.Â 
We overrule the issue.

Â Â Â Â Â Â Â Â Â Â Â  The witness
in question was Shaunda Massey, the manager of the apartments where appellant
lived. She was asked to testify about seeing a number of people enter and exit
appellantÂs apartment at various times.Â 
Appellant objected, contending that the testimony evinced extraneous
offenses, the reasonable disclosure of which had not been made prior to trial.Â  Assuming arguendo
that this was actually a ground uttered at trial, we nonetheless conclude that
the trial court could have legitimately considered the testimony as matter
other than evidence of extraneous offenses.Â 


Â Â Â Â Â Â Â Â Â Â Â  To
constitute an extraneous offense, the evidence must show a bad act or crime and
that the defendant was connected to it.Â  Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993).Â  As previously
mentioned, the evidence at issue consisted of the apartment manager observing
that a number of people would come and go from appellantÂs apartment.Â  That alone is not evidence of a bad act or
crime.Â  See Wright v. State, 212 S.W.3d 768, 778 (Tex. App.ÂAustin 2006,
pet. refÂd) (testimony that the defendantÂs brother had kicked him out of the
brotherÂs home when no reason was given for the same did not constitute a bad
act on appellantÂs part); Laca v. State, 893
S.W.2d 171, 185 (Tex. App.ÂEl Paso 1995, pet. refÂd) (evidence that the
defendant had been in detention without more is not evidence of an
unadjudicated extraneous offense); Mosby
v. State, No. 05-02-0115-CR, 2003 Tex. App. Lexis 2963, at *5-6 (Tex. App.ÂDallas April 7, 2003, no pet.)
(not designated for publication) (stating that testimony that a woman had a
flat tire and a familiar puncture mark on the tire was not evidence of an
extraneous offense when there was no attempt to link the defendant to the act
at that time); Forte v. State, No.
06-98-0042-CR, 1999 Tex. App. Lexis 2887,
at *1-2 (Tex. App.ÂTexarkana April 16, 1999, no pet.) (not designated for
publication) (finding that a videotape of police officers walking up to and
entering the defendantÂs home showed no evidence of a drug transaction).Â  Or, at least such an interpretation would
fall within the zone of reasonable disagreement.Â  Consequently, we cannot say that the trial
court abused its discretion in allowing theÂ 
witness to so testify.Â  Moses v. State, 105 S.W.3d 622, 627
(Tex. Crim. App. 2003) (stating that the pertinent standard of review is abused
discretion).Â  

Â Â Â Â Â Â Â Â Â Â Â  As for the
allegation that the relevance of the objection was substantially outweighed by
its propensity for undue prejudice, we doubt that this was a basis for his
trial objections.Â  But, to the extent
that his utterance of the word ÂprejudiceÂ while complaining sufficed to
trigger Rule 403, we note that the objection incorporating that word was
sustained.Â  Consequently, we cannot say
that the trial court erred in failing to grant an objection that it
granted.Â  

Â Â Â Â Â Â Â Â Â Â Â  Issue 4 Â Warrantless Search

Â Â Â Â Â Â Â Â Â Â Â  Finally,
appellant complains of the warrantless search of the text messages in his cell
phone.Â  We overrule the issue.

Â Â Â Â Â Â Â Â Â Â Â  Assuming arguendo that the police lacked
justification to read the messages on appellantÂs cell phone after his arrest, we
conclude, beyond reasonable doubt, that the admission of what was found was not
harmful.Â  

Â Â Â Â Â Â Â Â Â Â Â  The message in
question consisted of the following:Â 
ÂBro, task force riding, they got D.B., so [be] careful.ÂÂ  While that may be evidence of appellant being
forewarned of the police being out and about, we have of record the evidence
described in issues one and two above.Â 
Part of that evidence consisted of appellantÂs own comments evincing
that he knew the officers were present and that he and his companion had Âburnt
them hoÂs [police] offÂ and how Â. . . they couldnÂt get, get behind our
ass.ÂÂ  Moreover, the messsage was sent
three days before this offense and, while briefly referred to in argument by
the State, was not emphasized. The evidence of appellantÂs guilt was so
overwhelming that a reasonable person could not rationally conclude that the
comment affected the verdict in any way.Â 


Â Â Â Â Â Â Â Â Â Â Â  Â Having overruled each of appellantÂs issues,
we affirm the judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Do not publish.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1]Appellant
was also charged with and tried for possession of a controlled substance within
a drug free zone.Â  However, the trial
court declared a mistrial on that charge due to a hung jury.Â