NO. 07-09-0228-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
23, 2010

 



 

CRAIG MOORING,  

                                                                                         

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

                                                                                         

                                                                                         Appellee

___________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-422,626; HONORABLE CECIL G.
PURYEAR, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Craig
Mooring was convicted of evading arrest with a motor vehicle.[1]  He challenges the conviction by contending
that 1) the evidence is legally and factually insufficient to support it, 2) the
trial court abused its discretion in admitting evidence of purported extraneous
offenses, and 3) the trial court erred in denying his motion to suppress
evidence.  We affirm the judgment. 

            Background

            On February 13, 2008, Officer Chris
Paine observed appellant and Jeremy Davis 
enter the Two Brother’s self-serve car wash at the corner of Parkway Drive
and Zenith Avenue.  The officer also
noticed that the white Crown Victoria car being driven had an expired registration.
 Because the car wash is known to be the
site of narcotics activity, the officer watched the two and eventually learned
that there was an outstanding warrant for appellant’s arrest.  During this period, appellant’s car was
washed by another person while appellant and Davis were approached by several
individuals for brief periods.  This
activity led Paine to conclude that the two men were selling drugs.  

            Appellant and
Davis later entered the car, with appellant in the driver’s seat.  Paine testified that he and appellant made eye
contact with each other before the car pulled out into traffic.  Paine also said that appellant waited for
traffic to come between him and appellant and for the light at the nearest
intersection to change from green before pulling into the intersection.  While attempting to follow the vehicle through
the intersection, the officer activated his lights and siren.  Thereafter, he turned them off.  

            Paine requested
Officer Corey Williams to assist him in pursuing appellant.  Williams spotted appellant’s vehicle while
Paine was crossing the intersection. 
Williams believed that appellant and Davis saw his squad car before turning
onto East 1st Place.  Williams
did not activate his lights or siren.  

            After appellant
made another turn, Williams sped up to try to catch the Crown Victoria.  Appellant was driving over 50 m.p.h. in a
residential area and making sharp turns by that time, according to the officer.  Eventually, Williams activated his lights
when he turned onto the street where appellant had turned.  At that point, the officer saw appellant’s
vehicle pull into a random driveway and stop at an awkward angle.  Appellant and his companion left the car
running, exited it, left the doors open, and hurriedly walked away.  When ordered to stop, however, they did.    

            Issues 1 and 2 – Sufficiency of the Evidence

            In his first two issues, appellant
contends that the evidence was both legally and factually insufficient to show
that he knew the police were attempting to arrest or detain him.   We overrule the issues.

            The pertinent
standards of review are discussed in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex.
Crim. App. 2006).  We need not address
them further.

            Next, to
convict appellant of the charged offense, the State had to prove that he
intentionally fled from a person he knew was a peace officer attempting to
lawfully arrest or detain him.  Tex. Penal Code Ann. §38.04(a) (Vernon Supp.
2009).  This burden may be met through
circumstantial evidence.  Wright v. State, 855 S.W.2d 110, 112
(Tex. App.–Houston [14th Dist.] 1993, no pet.).  Both direct and circumstantial evidence of
appellant’s culpability appears of record. 
Such evidence consisted of the officer testifying that appellant made
eye contact with him before leaving the car wash, that appellant sped through
the residential area, that appellant and his friend stopped in a random
driveway and briskly left, and that the vehicle was left running with car doors
open as they fled.  To this, we add
appellant’s own words and that of his companion.  They were recorded saying, as they sat in the
squad car:  “They hit their lights at the
red light, but we were already gone.  So
we burnt them ho’s off[,]” and  “Yea,
they couldn’t get, get behind our ass.” 
Together, this is some evidence upon which a rational jury could
conclude beyond reasonable doubt that appellant knew the officers were
attempting to detain him when he sped away.  
See Gray v. State, 821 S.W.2d
721, 723-24 (Tex. App.–Corpus  Christi
1991, pet. ref’d) (finding the evidence sufficient when 1) the officer was
driving a marked vehicle, 2) the defendant sped up and exceeded the speed
limit, turned and looked at the officer, swerved right and drove off the
shoulder of the road to quickly pass a car in front and accelerated again, 3) the
officer only briefly turned on his emergency lights at that point and pursued
the defendant, and 4) the defendant turned into a driveway and rushed to the
front door).    oHorneHorHhhh        

            

            Appellant
did testify at trial and denied that he made eye contact with Paine, that he
saw the officer’s lights or sirens before stopping the vehicle, that the
officers had any reason to stop him, or that he was attempting to evade the
officer.  While this contradicted the
officers’ testimony, the jury was free to decide who to believe and whether to
disregard appellant’s version of events. 
Jones v. State, 984 S.W.2d
254, 258 (Tex. Crim. App. 1998).  They
having apparently opted to disbelieve appellant, we cannot say that their verdict
was or is against the great weight of the evidence or otherwise manifesly
unjust.  In other words, it has the
support of both legally and factually sufficient evidence.  

            Issue 3 – Extraneous Offenses

            In his third issue, appellant
complains of the trial court’s admission into evidence of extraneous acts and
offenses without adequate notice by the State. 
We overrule the issue.

            The witness
in question was Shaunda Massey, the manager of the apartments where appellant
lived. She was asked to testify about seeing a number of people enter and exit
appellant’s apartment at various times. 
Appellant objected, contending that the testimony evinced extraneous
offenses, the reasonable disclosure of which had not been made prior to trial.  Assuming arguendo
that this was actually a ground uttered at trial, we nonetheless conclude that
the trial court could have legitimately considered the testimony as matter
other than evidence of extraneous offenses. 


            To
constitute an extraneous offense, the evidence must show a bad act or crime and
that the defendant was connected to it.  Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993).  As previously
mentioned, the evidence at issue consisted of the apartment manager observing
that a number of people would come and go from appellant’s apartment.  That alone is not evidence of a bad act or
crime.  See Wright v. State, 212 S.W.3d 768, 778 (Tex. App.–Austin 2006,
pet. ref’d) (testimony that the defendant’s brother had kicked him out of the
brother’s home when no reason was given for the same did not constitute a bad
act on appellant’s part); Laca v. State, 893
S.W.2d 171, 185 (Tex. App.–El Paso 1995, pet. ref’d) (evidence that the
defendant had been in detention without more is not evidence of an
unadjudicated extraneous offense); Mosby
v. State, No. 05-02-0115-CR, 2003 Tex. App. Lexis 2963, at *5-6 (Tex. App.–Dallas April 7, 2003, no pet.)
(not designated for publication) (stating that testimony that a woman had a
flat tire and a familiar puncture mark on the tire was not evidence of an
extraneous offense when there was no attempt to link the defendant to the act
at that time); Forte v. State, No.
06-98-0042-CR, 1999 Tex. App. Lexis 2887,
at *1-2 (Tex. App.–Texarkana April 16, 1999, no pet.) (not designated for
publication) (finding that a videotape of police officers walking up to and
entering the defendant’s home showed no evidence of a drug transaction).  Or, at least such an interpretation would
fall within the zone of reasonable disagreement.  Consequently, we cannot say that the trial
court abused its discretion in allowing the 
witness to so testify.  Moses v. State, 105 S.W.3d 622, 627
(Tex. Crim. App. 2003) (stating that the pertinent standard of review is abused
discretion).  

            As for the
allegation that the relevance of the objection was substantially outweighed by
its propensity for undue prejudice, we doubt that this was a basis for his
trial objections.  But, to the extent
that his utterance of the word “prejudice” while complaining sufficed to
trigger Rule 403, we note that the objection incorporating that word was
sustained.  Consequently, we cannot say
that the trial court erred in failing to grant an objection that it
granted.  

            Issue 4 – Warrantless Search

            Finally,
appellant complains of the warrantless search of the text messages in his cell
phone.  We overrule the issue.

            Assuming arguendo that the police lacked
justification to read the messages on appellant’s cell phone after his arrest, we
conclude, beyond reasonable doubt, that the admission of what was found was not
harmful.  

            The message in
question consisted of the following: 
“Bro, task force riding, they got D.B., so [be] careful.”  While that may be evidence of appellant being
forewarned of the police being out and about, we have of record the evidence
described in issues one and two above. 
Part of that evidence consisted of appellant’s own comments evincing
that he knew the officers were present and that he and his companion had “burnt
them ho’s [police] off” and how “. . . they couldn’t get, get behind our
ass.”  Moreover, the messsage was sent
three days before this offense and, while briefly referred to in argument by
the State, was not emphasized. The evidence of appellant’s guilt was so
overwhelming that a reasonable person could not rationally conclude that the
comment affected the verdict in any way. 


             Having overruled each of appellant’s issues,
we affirm the judgment.

 

                                                                        Per
Curiam

Do not publish.

                                                                                                                                                                                     

                                                                                                








 











[1]Appellant
was also charged with and tried for possession of a controlled substance within
a drug free zone.  However, the trial
court declared a mistrial on that charge due to a hung jury.