NO. 07-09-0228-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JULY 23, 2010
--------------------------------------------------------------------------------

 
 CRAIG MOORING, 
 
 Appellant
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 ___________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2009-422,626; HONORABLE CECIL G. PURYEAR, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Craig Mooring was convicted of evading arrest with a motor vehicle. He challenges the conviction by contending that 1) the evidence is legally and factually insufficient to support it, 2) the trial court abused its discretion in admitting evidence of purported extraneous offenses, and 3) the trial court erred in denying his motion to suppress evidence. We affirm the judgment. 
 Background
 On February 13, 2008, Officer Chris Paine observed appellant and Jeremy Davis enter the Two Brother's self-serve car wash at the corner of Parkway Drive and Zenith Avenue. The officer also noticed that the white Crown Victoria car being driven had an expired registration. Because the car wash is known to be the site of narcotics activity, the officer watched the two and eventually learned that there was an outstanding warrant for appellant's arrest. During this period, appellant's car was washed by another person while appellant and Davis were approached by several individuals for brief periods. This activity led Paine to conclude that the two men were selling drugs. 
 Appellant and Davis later entered the car, with appellant in the driver's seat. Paine testified that he and appellant made eye contact with each other before the car pulled out into traffic. Paine also said that appellant waited for traffic to come between him and appellant and for the light at the nearest intersection to change from green before pulling into the intersection. While attempting to follow the vehicle through the intersection, the officer activated his lights and siren. Thereafter, he turned them off. 
 Paine requested Officer Corey Williams to assist him in pursuing appellant. Williams spotted appellant's vehicle while Paine was crossing the intersection. Williams believed that appellant and Davis saw his squad car before turning onto East 1[st] Place. Williams did not activate his lights or siren. 
 After appellant made another turn, Williams sped up to try to catch the Crown Victoria. Appellant was driving over 50 m.p.h. in a residential area and making sharp turns by that time, according to the officer. Eventually, Williams activated his lights when he turned onto the street where appellant had turned. At that point, the officer saw appellant's vehicle pull into a random driveway and stop at an awkward angle. Appellant and his companion left the car running, exited it, left the doors open, and hurriedly walked away. When ordered to stop, however, they did. 
 Issues 1 and 2 - Sufficiency of the Evidence
 In his first two issues, appellant contends that the evidence was both legally and factually insufficient to show that he knew the police were attempting to arrest or detain him. We overrule the issues.
 The pertinent standards of review are discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We need not address them further.
 Next, to convict appellant of the charged offense, the State had to prove that he intentionally fled from a person he knew was a peace officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. §38.04(a) (Vernon Supp. 2009). This burden may be met through circumstantial evidence. Wright v. State, 855 S.W.2d 110, 112 (Tex. App. - Houston [14[th] Dist.] 1993, no pet.). Both direct and circumstantial evidence of appellant's culpability appears of record. Such evidence consisted of the officer testifying that appellant made eye contact with him before leaving the car wash, that appellant sped through the residential area, that appellant and his friend stopped in a random driveway and briskly left, and that the vehicle was left running with car doors open as they fled. To this, we add appellant's own words and that of his companion. They were recorded saying, as they sat in the squad car: "They hit their lights at the red light, but we were already gone. So we burnt them ho's off[,]" and "Yea, they couldn't get, get behind our ass." Together, this is some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant knew the officers were attempting to detain him when he sped away. See Gray v. State, 821 S.W.2d 721, 723-24 (Tex. App. - Corpus Christi 1991, pet. ref'd) (finding the evidence sufficient when 1) the officer was driving a marked vehicle, 2) the defendant sped up and exceeded the speed limit, turned and looked at the officer, swerved right and drove off the shoulder of the road to quickly pass a car in front and accelerated again, 3) the officer only briefly turned on his emergency lights at that point and pursued the defendant, and 4) the defendant turned into a driveway and rushed to the front door). oHorneHorHhhh 
 
 Appellant did testify at trial and denied that he made eye contact with Paine, that he saw the officer's lights or sirens before stopping the vehicle, that the officers had any reason to stop him, or that he was attempting to evade the officer. While this contradicted the officers' testimony, the jury was free to decide who to believe and whether to disregard appellant's version of events. Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). They having apparently opted to disbelieve appellant, we cannot say that their verdict was or is against the great weight of the evidence or otherwise manifesly unjust. In other words, it has the support of both legally and factually sufficient evidence. 
 Issue 3 - Extraneous Offenses
 In his third issue, appellant complains of the trial court's admission into evidence of extraneous acts and offenses without adequate notice by the State. We overrule the issue.
 The witness in question was Shaunda Massey, the manager of the apartments where appellant lived. She was asked to testify about seeing a number of people enter and exit appellant's apartment at various times. Appellant objected, contending that the testimony evinced extraneous offenses, the reasonable disclosure of which had not been made prior to trial. Assuming arguendo that this was actually a ground uttered at trial, we nonetheless conclude that the trial court could have legitimately considered the testimony as matter other than evidence of extraneous offenses. 
 To constitute an extraneous offense, the evidence must show a bad act or crime and that the defendant was connected to it. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). As previously mentioned, the evidence at issue consisted of the apartment manager observing that a number of people would come and go from appellant's apartment. That alone is not evidence of a bad act or crime. See Wright v. State, 212 S.W.3d 768, 778 (Tex. App. - Austin 2006, pet. ref'd) (testimony that the defendant's brother had kicked him out of the brother's home when no reason was given for the same did not constitute a bad act on appellant's part); Laca v. State, 893 S.W.2d 171, 185 (Tex. App. - El Paso 1995, pet. ref'd) (evidence that the defendant had been in detention without more is not evidence of an unadjudicated extraneous offense); Mosby v. State, No. 05-02-0115-CR, 2003 Tex. App. Lexis 2963, at *5-6 (Tex. App. - Dallas April 7, 2003, no pet.) (not designated for publication) (stating that testimony that a woman had a flat tire and a familiar puncture mark on the tire was not evidence of an extraneous offense when there was no attempt to link the defendant to the act at that time); Forte v. State, No. 06-98-0042-CR, 1999 Tex. App. Lexis 2887, at *1-2 (Tex. App. - Texarkana April 16, 1999, no pet.) (not designated for publication) (finding that a videotape of police officers walking up to and entering the defendant's home showed no evidence of a drug transaction). Or, at least such an interpretation would fall within the zone of reasonable disagreement. Consequently, we cannot say that the trial court abused its discretion in allowing the witness to so testify. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003) (stating that the pertinent standard of review is abused discretion). 
 As for the allegation that the relevance of the objection was substantially outweighed by its propensity for undue prejudice, we doubt that this was a basis for his trial objections. But, to the extent that his utterance of the word "prejudice" while complaining sufficed to trigger Rule 403, we note that the objection incorporating that word was sustained. Consequently, we cannot say that the trial court erred in failing to grant an objection that it granted. 
 Issue 4 - Warrantless Search
 Finally, appellant complains of the warrantless search of the text messages in his cell phone. We overrule the issue.
 Assuming arguendo that the police lacked justification to read the messages on appellant's cell phone after his arrest, we conclude, beyond reasonable doubt, that the admission of what was found was not harmful. 
 The message in question consisted of the following: "Bro, task force riding, they got D.B., so [be] careful." While that may be evidence of appellant being forewarned of the police being out and about, we have of record the evidence described in issues one and two above. Part of that evidence consisted of appellant's own comments evincing that he knew the officers were present and that he and his companion had "burnt them ho's [police] off" and how ". . . they couldn't get, get behind our ass." Moreover, the messsage was sent three days before this offense and, while briefly referred to in argument by the State, was not emphasized. The evidence of appellant's guilt was so overwhelming that a reasonable person could not rationally conclude that the comment affected the verdict in any way. 
 Having overruled each of appellant's issues, we affirm the judgment.

 Per Curiam
Do not publish.