**Joseph Cleveland WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00820–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1993.

Charles Freeman, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Appellant was charged by information with the offense of evading arrest. Appellant waived his right to a jury trial, and entered a plea of not guilty to the court. The trial court found appellant guilty, and assessed punishment at 150 days confinement in the Harris County Jail. We reverse.

On August 22, 1990, Officer J.J. Wilson of the Houston Police Department was working an extra job at an apartment complex at 2900 South Gessner. During his patrol of the premises, the officer noticed a blue van parked on the north side of the complex with its motor running. He shined a flashlight on the van, and saw appellant sitting in the van. When the officer approached the van, appellant exited the van and ran from the officer. Officer Wilson chased appellant and shouted, "Stop, police officer," but appellant did not comply. Several minutes later, Officer Wilson saw a green Oldsmobile driven by appellant attempt to leave the complex at a high rate of speed. Upon recognizing the driver as appellant, the officer pointed his service revolver at the car, and told appellant to stop; this time appellant complied. The officer then handcuffed appellant and found a screwdriver and a pair of pliers in his pocket.

By three points of error, appellant challenges the sufficiency of the evidence to support his conviction where the State failed to prove that the officer was lawfully attempting to arrest him, that he had knowledge that the officer was attempting to arrest him, or that he knew that the officer was in fact a peace officer.

In reviewing a sufficiency of the evidence challenge, the appellate court is to view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

Appellant was charged with evading arrest. TEX.PENAL CODE ANN. § 38.04 (Vernon Supp.1993). Subsection (a) provides that "a person commits [the] offense if he intentionally flees from a person he knows is a peace officer attempting to *arrest him or detain him* for the purpose of questioning or investigating possible criminal activity." Subsection (b) provides that it is an exception if the attempted arrest is unlawful or the detention is without reasonable suspension to investigate.

The heading of this section is entitled "Evading Arrest or Detention." This section of our Penal Code therefore contains two offenses: the first for evading arrest, the second for evading detention. The Legislature's use of the word "or" in Subsection (a) is evidence of its intention to differentiate between the two offenses. This is further evidenced by the language used in Subsection (b) relating to the proof of an illegal arrest or detention.

The information charging appellant contained the following pertinent language:

Joseph Cleveland Wright hereafter styled the Defendant, ... on or about August 22, 1990, did then and there unlawfully intentionally flee from J.J. WILSON, hereafter styled the Complainant, a peace officer employed by Houston Police Department, lawfully attempting to arrest the Defendant, and the Defendant knew that the Complainant was a peace officer and that the Complainant was attempting to arrest the Defendant.

Under this information as pled by the State, it was incumbent upon the prosecution to prove that: (1) Officer Wilson was lawfully attempting to arrest the defendant and (2) the defendant knew the officer was a peace officer, attempting to arrest him. See *Alejos v. State*, 555 S.W.2d 444, 448 (Tex.Crim.App.1977). For whatever reason, the State elected not to charge appellant with the offense of evading detention, as found in TEX.PENAL CODE ANN. § 38.04 (Vernon Supp.1993).

A criminal defendant cannot be convicted for an offense not charged in the indictment or information. *Hobbs v. State*, 548 S.W.2d 884 (Tex.Crim.App.1977). When the evidence establishes facts different from those alleged in the charging instrument, a variance may exist rendering the evidence insufficient to sustain the conviction. *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983); *Seiffert v. State*, 501 S.W.2d 124 (Tex.Crim.App.1973). Furthermore, all essential averments in a charging instrument must be proved as alleged. *Roberts v. State*, 513 S.W.2d 870 (Tex. Crim.App.1974). By charging appellant with evading arrest, the State was forced to prove that appellant knew the complainant was a peace officer attempting to arrest him. See *Alejos v. State*, 555 S.W.2d at 449.

There is no direct evidence showing that appellant knew the complainant was a peace officer attempting to arrest him. However, such knowledge can also be proven by circumstantial evidence. *Hankins v. State*, 646 S.W.2d 191, 199 (Tex.Crim.App. 1983) (Opinion on reh'g). The record is silent as to whether the peace officer was in uniform at the time of the incident or presented a badge of authority. Further, the only communication by the officer to appellant at the point when appellant allegedly evaded arrest was when Officer Wilson shouted, "Stop, police officer." Moreover, the record fails to demonstrate that Officer Wilson had probable cause to arrest appellant at the time. We do not reach the issue of whether the officer had reasonable suspicion to detain for the purpose of investigating appellant, because that issue was not included in the charging instrument.

After reviewing the evidence in the light most favorable to the verdict, we hold that a rational fact finder could not find beyond a reasonable doubt that appellant knew Officer Wilson was attempting to *arrest* him.

Finding that the evidence is insufficient to support the conviction, we reverse the judgment of the trial court and order an acquittal.