**Anna Lynne DEAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–224–CR.**

Court of Appeals of Texas,
·Waco.

June 16, 1999.

Discretionary Review Refused
Sept. 8, 1999.

what differently, we note that Rule 329b(b) and Rule 21.4(b) are similar.

ny, chose to "resist his show of authority." Because Dean appeared to be refusing to pull the car off the road, Barber radioed for help. Approximately six police units responded and aided in arresting Dean. After being followed by Barber and other units with emergency lights and sirens activated for 8.2 miles, Dean finally came to a stop. She was arrested for evading detention and, from her conviction, appeals.

■ Dean complains in her first point of error that the court abused its discretion in not granting her motion to quash the information based on the absence of probable cause. Although we question whether the issue was sufficiently preserved for appeal, we will address the merits of Dean's complaint out of an abundance of caution.

■ Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *State v. Tarvin,* 972 S.W.2d 910, 912 (Tex.App.—Waco 1998, pet. ref'd) (citing *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Sailo,* 910 S.W.2d 184, 187 (Tex.App.—Fort Worth 1995, pet. ref'd)). To justify the intrusion, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Id.* (citing *Johnson v. State,* 658 S.W.2d 623, 626 (Tex. Crim.App.1983)). The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication the activity is related to a crime. *Id.* Here, the absence of a current registration sticker plus the presence of an outdated license plate justified Barber's detaining Dean. Dean argues that the absence of a registration sticker and the expired tag did not constitute an of-

Anna Lynne Dean, Hico, pro se.

Joe F. Grubbs, Dist. Atty., Angela Michelle King, Asst. Dist. Atty., Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Anna Lynn Dean was convicted of evading detention and assessed a fine of $2,000. She appeals *pro se,* asserting seven points of error. We will affirm the judgment.

## FACTS

On January 27, 1997, while on patrol, Officer Larry Barber of the Midlothian Police Department met a tan Toyota station wagon and noticed that no registration sticker was displayed. He turned around and began to follow the car and noticed that it also had an expired dealer's license plate. Barber ran a computer check, which revealed that the registration had expired in October of 1996. He then activated his overhead lights and attempted to pull the vehicle over. Dean was driving the car and, according to her own testimo-

fense. Nevertheless, regardless of whether Dean had an excusable reason for not displaying some valid registration item, the officer was reasonable in believing she might be violating the registration statutes. Thus, Barber's attempt to stop Dean was lawful.[1] The court did not err in denying the motion to quash the information. Point one is overruled.

■ Dean's second point urges that the court erred by referring to and attaching a copy of one section of the Texas Transportation Code to the jury charge. She argues that this was a comment on the weight of the evidence. No objection was made at trial. Dean's only request was that Section 503.062 of the Transportation Code be provided to the jury in its entirety.[2] *See* TEX. TRANSP. CODE ANN. § 503.062 (Vernon 1999). Thus, because there was no objection, Dean must show that any error in the submission of the jury charge caused egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g).

Section 503.062 provides for the use of a temporary cardboard tag by a dealer or dealer's employees. That section of the Transportation Code was copied in its entirety and incorporated into the jury charge as exhibit "A."

■ A suggestion in a jury charge that certain evidence is true or untrue is a comment on the weight of the evidence. *Russell v. State*, 749 S.W.2d 77, 78 (Tex. Crim.App.1988). A court's charge in a criminal case may not assume that any fact has been proved against the defendant, however strong the evidence may be. *See Marlow v. State*, 537 S.W.2d 8, 9 (Tex. Crim.App.1976). The attachment of Transportation Code section 503.062 was not an improper comment on the weight of the evidence.[3] Dean was charged with evading detention. The Transportation Code went to the reasonableness of Barber's suspicion that Dean was engaging in unlawful activity warranting detention and to Dean's contention that she had a valid dealer's registration. Because Dean alleged that Barber's suspicion was not reasonable based on the fact that a dealer does not have to display current registration, the court was correct in instructing the jury about the law regarding dealer tags such as the one Dean had in her car. Point two is overruled.

■ Point three complains that the court erred in failing to include requested jury instructions in the charge. Dean complains that the court failed to properly instruct the jury on probable cause, criminal activity, lawful arrest, lack of knowledge, and the State's burden of proof.

Dean fails to identify the instructions which were wrongfully refused, and likewise failed to provide this court with a record of the discussion regarding the requested instructions or the court's rulings on various instructions, making it difficult to review this issue. We will review the requested instructions as found in the clerk's record and determine if the court's refusal to instruct the jury as requested was error.

■ Dean was charged with evading detention. A person is guilty of evading detention or evading arrest if he "intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PEN.CODE ANN. § 38.04(a) (Vernon 1994). The heading of this section is entitled "Evading Arrest or Detention." This section of the Penal Code contains two offenses: the first for

---

1. Dean suggests that Barber lied about the information he received from the computer check. She suggests that the State is hiding exculpatory evidence by failing to call the dispatcher to testify. There is nothing in the record to support this assertion. Nor is there anything to show that Dean attempted to subpoena the dispatcher's testimony.

2. Arguably Dean invited the act which she claims is error. *State v. Manning*, 833 S.W.2d 322, 324 (Tex.App.—Waco 1992, no pet.).

3. We think the better practice would be to incorporate the law into the charge rather than attaching a copy of the statute.

evading arrest, the second for evading detention. *Id.; Wright v. State,* 855 S.W.2d 110, 112 (Tex.App.—Houston [14th Dist.] 1993, no pet.). The Legislature's use of the word "or" in Subsection (a) is evidence of its intention to differentiate between the two offenses. *Id.*

The information charging Dean contained the following:

> ANNA W. DEAN did then and there intentionally flee from LARRY BARBER, a peace officer who was attempting to detain the defendant, based upon reasonable suspicion to investigate, for the purpose of questioning the defendant and investigating possible criminal activity, and the defendant knew that LARRY BARBER was a peace officer and knew that the officer was attempting to detain the defendant, . . . .

■ The court is not required to charge on an issue not raised by the evidence. *Nance v. State,* 807 S.W.2d 855, 860 (Tex.App.—Corpus Christi 1991, pet. ref'd). Because Dean was charged with evading detention, her requested instructions numbered 1, 6, 8, 10, 12, 13, and 14, regarding evading arrest, were not warranted. Thus, the court did not err in refusing to submit those instructions to the jury. Requested instructions 3, 4, 5, and 9 would have instructed the jury on the State's burden to prove that Dean knew the initial investigating officer was a police officer, that she intentionally fled from that officer, and that the officer was investigating criminal activity. Each of these instructions was given in the jury charge in proper form.[4] Point three is overruled.

■ Dean urges in point four that the court erred in not granting her motion to quash the information based on a violation of her constitutional right to a speedy trial. Again, we question whether this issue was preserved for review. At trial, Dean asserted her rights under article 32A.02 of the Code of Criminal Procedure. This article has been held unconstitutional because it violates the separation of powers doctrine. *Meshell v. State,* 739 S.W.2d

246, 257 (Tex.Crim.App.1987). On appeal, Dean has changed her complaint to a constitutional one.

■ The right to a speedy trial is subject to a balancing test to determine whether the right has been abridged. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The court should inquire about (1) the length of the delay, (2) reasons for the delay, (3) the circumstances of the defendant's assertion of the right, and (4) any prejudice that resulted from the delay. *Id.* Because she did not seek a ruling on her constitutional right to a speedy trial, Dean denied the trial court the opportunity to consider these factors. In doing so, she failed to preserve her complaint, and we cannot consider this point on appeal. *See Meshell,* 739 S.W.2d at 258; *Lohmuller v. State,* 921 S.W.2d 457, 460 (Tex. App.—Waco 1996, no pet.). Point four is overruled.

■ Point five argues that the court erred in "not arresting judgment based on the State Prosecutors' improper jury arguments throughout the trial, but especially during closing argument when prosecutors a) misstated the facts and evidence and b) misled the jury by making false and exaggerated claims, and because, as a matter of law, appellant must be provided a fair trial that is free from improper jury argument." We note that no objections were made to the jury arguments. Before an appellant is permitted to complain about erroneous jury argument on appeal, she must show that she objected, and that she pursued her objection to an adverse ruling. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Dean's failure to object precludes our review of this issue. *Id.* Point five is overruled.

Dean avers in point six that the court abused its discretion in not granting her "original" motion to quash where the prosecutor lacked legal standing to bring an

---

4. There are no requested instructions in the clerks record numbered 2, 7, or 11.

action against her. However, the case in which these events occurred was dismissed by the court without prejudice. The present appeal is from a different cause number based on the refiling of the charges against her. Dean received the relief requested when the earlier cause was dismissed. Review of this issue is not warranted. Point six is overruled.