Tyrone I. Edwards v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-251-CR

     TYRONE I. EDWARDS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 98-884-C
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Edwards appeals his conviction for murder, for which he was sentenced to sixty
years in the Texas Department of Criminal Justice - Institutional Division.
      Timothy Farmer, the deceased victim, a drug dealer who lived in Dallas, came to Waco
from time to time to visit relatives. When in Waco, he was introduced to appellant’s ex-girlfriend, Vatina Murphy, by appellant’s sister.
      Appellant and Vatina, although not married, had four children together, who lived with
Vatina. Appellant, although he was not living with Vatina, was jealous and additionally
objected to Timothy, a drug dealer, being around his children.
      Timothy had come to Waco the week before August 28, 1998 to visit Vatina and had spent
the night with her. Timothy came to Waco again on August 28, 1998 with a friend, Thomas
Mason. Mason went to Vatina’s house. Vatina was not there, but appellant’s sister was there. 
Appellant came to Vatina’s home looking for Timothy. Appellant said he was going to get his
gun and come back and take care of Timothy. Shortly thereafter, Timothy arrived at the house
and was told what had transpired. Timothy additionally had been warned by several people
that appellant was Vatina’s ex-boyfriend, was very jealous, and that he carried a gun.
      Timothy later went over to the J.P. Courthouse parking lot nearby. Appellant arrived at
the parking lot and appellant and Timothy had a heated conversation. Appellant got his gun
out of the car and shot Timothy six times. Police and an ambulance arrived at the scene. As
Timothy lay in the parking lot, he told Officer Firestone and Ms. Diebolt, a paramedic, that
appellant had shot him. Craig Farmer, a cousin of Timothy, witnessed the shooting and
testified that he saw appellant shoot Timothy. Timothy later died at the hospital.
      A jury convicted appellant of the murder of Timothy. On punishment phase, the State
proved up sixteen prior criminal convictions of appellant. The jury assessed appellant sixty
years in prison.
      Appellant by new counsel, appeals presenting one issue: “The trial court improperly
commented on the weight of the evidence by singling out the “prior relationship between the
accused and the deceased,” [in the Court’s charge].
      Appellant further contends the trial court erred in not instructing the jury in its charge that
the jury had to consider all relevant facts and circumstances in evidence.
      The Court’s charge, in pertinent part, instructed the jury as follows:
You are instructed that you may consider all relevant facts and circumstances
surrounding the killing, if any, and the previous relationship existing between
the accused and the deceased, if any, together with all relevant facts and
circumstance going to show the condition of the mind of the accused at the
time of the offense, if any.

      Appellant objected to the above instruction as follows:
 
This instruction allows the jury to consider facts not in evidence, lessons the
burden of proof on the State. It allows the jury to consider the extraneous
offenses of terroristic threats according to Mason’s testimony and directs
them to that actually. It is a comment on the weight of the evidence.

      The trial court overruled the objection.
      Article 36.14 Tex Code Crim. Proc. provides that in felony jury trials, the judge shall,
before the argument begins, deliver to the jury . . . a written charge setting forth the law
applicable to the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, [or] discussing the facts . . . .
      The trial court comments on the weight of the evidence when it expresses an opinion on
the weight to be given to any of the evidence. Giesberg v. State, 984 S.W.2d 245, 250 (Tex.
Crim. App. 1998), and comments on the weight of the evidence, where it assumed the
determination of a controverted issue. Dean v. State, 995 S.W.2d 846, 849 (Tex.
App.—Waco 1999, pet. ref’d).
      The Code of Criminal Procedure provides for the admission of evidence of the previous
relationship between the accused and the victim, and the condition of the mind of a defendant
accused of murder, as follows:
In all prosecutions for murder, the State or the defendant shall be permitted
to offer testimony as to all relevant facts and circumstances surrounding the
killing and the previous relationship existing between the accused and the
deceased, together with all relevant facts and circumstances to show the
condition of the mind of the accused at the time of the offense.

Tex. Code. Crim. Proc. art. 38.36(a).
      The Texas Court of Criminal Appeals has expressly and repeatedly held that instructions
on Article 38.36(a)’s predecessor Article Tex. Penal Code Sec. 19.02(b) to be proper. 
Fielder v. State, 756 S.W.2d 309, 318 (Tex. Crim. App. 1988); McBride v. State, 862 S.W.2d
600, 606 (Tex. Crim. App. 1993); Valentine v. State, 587 S.W.2d 399, 401 (Tex. Crim. App.
1979); Hobson v. State, 644 S.W.2d 473, 477 (Tex. Crim. App. 1983).
      And the trial court did instruct the jury to consider all the evidence before it, i.e. “all
relevant facts and circumstances surrounding the killing.”
      Moreover, the trial court went even further than the instructions approved of by the Court
of Criminal Appeals in trying to avoid commenting on the weight of the evidence, by
qualifying references to issues addressed with the phrase, “if any.” The use of such qualifying
phrases prevents an instruction from constituting a comment on the weight of the evidence. 
Easter v. State, 867 S.W.2d 929, 941 (Tex. App.—Waco 1993, pet. ref’d).
      Appellant’s issue and all contentions made thereunder are overruled.
 

      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray,
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 27, 2000
Do not publish