11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charail Dominique McDaniel

Appellant

Vs.                   No.
11-02-00322-CR -- Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted Charail Dominique McDaniel of
the offense of evading detention. 
Appellant then pleaded true to having previously been convicted of
evading arrest as charged in the indictment, making his offense a third degree
felony under TEX. PENAL CODE ANN. '
38.04(b)(2) (Vernon 2003).  The trial
court assessed appellant=s
punishment at confinement for eight years. 
We affirm.  

In his sole issue on appeal, appellant contends
that the evidence is legally insufficient to support his conviction because his
detention was unlawful under the Fourth Amendment.  In his brief, appellant relies on cases
dealing with random driver=s
license checkpoints and roadblocks to support his argument in this case that
the officer=s
decision to stop appellant was arbitrary and capricious.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  








The record shows that Officer George Collins was
on patrol on February 20, 2002, when he stopped a vehicle being driven by
appellant.  Officer Collins testified
that, while on patrol, he customarily ran the license plates of vehicles to
make sure their registration was current. 
When he ran the plate on the vehicle appellant was driving, it showed
that the registration had expired in December 2001.  Based on the expired registration, Officer
Collins initiated a traffic stop of appellant. 
Officer Collins activated his emergency lights, and appellant
subsequently pulled into the driveway of a vacant building.  Officer Collins approached appellant and
informed appellant why he had been stopped. 
While talking to appellant through the open driver=s side window of appellant=s vehicle, Officer Collins smelled the
odor of alcoholic beverage and asked appellant to step out of the vehicle.  Appellant did not exit his vehicle.  Officer Collins then repeated his request
that appellant step out of his vehicle. 
As Officer Collins reached down to appellant=s
door to get him out of the vehicle, appellant started the vehicle, put it in
gear in a rapid manner, turned the wheel toward the officer, Apunched the gas,@
and fled the scene.  During this time,
appellant ignored Officer Collins=s
repeated instructions to stop and get out of the car.  Officer Collins testified that he had to push
himself away from appellant=s
car to keep from being hit.  When
appellant fled, he did not turn on his headlights even though it was
nighttime.  Appellant also failed to stop
at a red light.  Approximately 10 to 15
minutes later, appellant=s
vehicle was located -- abandoned and wrecked. 

We hold that a rational jury could have found
beyond a reasonable doubt that appellant intentionally fled from Officer
Collins while Officer Collins was attempting to lawfully detain appellant.  In contrast to the situations involving
roadblocks and driver=s
license checkpoints, appellant was not stopped or detained until after the
officer determined that an offense had been committed.  Officer Collins detained appellant only after
he observed the license plate and determined that the registration was expired,
which is an offense under TEX. TRANSP. CODE ANN. '
502.407 (Vernon Supp. 2004).  Thus, the
traffic stop was valid.  See Attwood
v. State, 509 S.W.2d 342 (Tex.Cr.App.1974); Dean v. State, 995
S.W.2d 846 (Tex.App. - Waco 1999, pet=n
ref=d)(affirming conviction for evading
detention when officer attempted to stop defendant after computer check showed
expired registration); see also Garcia v. State, 827 S.W.2d 937
(Tex.Cr.App.1992).  A valid traffic stop
constitutes a permissible investigatory detention regardless of the officer=s subjective intent in stopping the
vehicle.  Garcia v. State, supra
at 944.  Because the evidence shows that
appellant fled from a lawful detention, his sole issue is overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

January 30, 2004 

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.