**Opinion filed September 24, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-08-00060-CV

————

## IN THE MATTER OF S.C., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5657**

### M E M O R A N D U M   O P I N I O N

S.C. brings this appeal from an order of the trial court modifying its prior disposition of his juvenile proceeding and remanding him to the custody of the Texas Youth Commission (TYC). In doing so, he presents two issues for our determination. In his first issue, he contends that the trial court abused its discretion by finding he had committed a felony deserving TYC sentencing. In his second issue, he argues that the trial court abused its discretion by failing to apply appropriate progressive sanction guidelines to him. Disagreeing that reversible error is shown, we affirm the judgment of the trial court.

*Factual Background*

Kristopher George Hoban, a Midland County sheriff's deputy, testified that, in the early morning hours of September 30, 2007, he was driving home when he noticed another vehicle behind him traveling at a speed that his car radar unit indicated was 99 miles per hour. He was still ahead of the approaching vehicle, so he pulled off the highway and waited for the other vehicle to pass him.

As he pulled out in pursuit of the vehicle and in attempting to stop the other vehicle, he activated his emergency lights and notified the sheriff's dispatcher that he was in pursuit of the vehicle. He said that the other vehicle increased its speed to about 110 miles per hour, failed to make a turn at a county road intersection, and hit a utility pole. The driver, later determined to be S.C., quickly got out of the vehicle and ran away through a very brushy field. The officer went through the abandoned vehicle and found a trailer park address of 2603 South County Road 1223-1/2, Space No. 2 in Midland.

The officer relayed this information by radio, and two other Midland County sheriff's deputies proceeded to the address given by him. One of the officers noticed a Hispanic male in dark clothing running down the alley behind the mobile homes and entering one of them. The officers entered the mobile home where they were directed toward the back bedroom in which they discovered S.C. smelling of alcohol and trying to ignore them. S.C. was handcuffed and taken to the vehicle of one of the investigating officers. He was then taken to Deputy Hoban and, according to the officer, admitted that he knew the officer was trying to stop him.

At the time of this arrest, S.C. was already on juvenile probation and had been enrolled in a substance abuse outpatient program called Top Rank Youth Program. Because he only attended fifteen out of the forty required conferences for the full counseling program, he had been discharged on the basis of his noncompliance. S.C.'s assigned juvenile probation officer was Clint Gregory. Gregory testified that S.C.'s probation had already been extended one time and that, at the time of the incident we review here, he was under intensive supervision. During the period of his probation, S.C. had violated his curfew, had been late in school enrollment, had failed to pay probation fees, and had failed to complete required community service hours. He had also failed to report on two occasions and had had a public intoxication offense charged against him. S.C.'s biological mother testified about the difficulties in getting S.C. enrolled in school because of "credit" problems.

*Discussion*

We review a trial court's modification of a juvenile disposition under an abuse of discretion standard. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). Because a trial court is in the best position to judge the credibility and demeanor of witnesses, great deference should be given to the court's decision. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *In re T.R.S.*, 115 S.W.3d at 321. The violation of one condition of probation when shown

by a preponderance of the evidence is sufficient to support a trial court's decision to modify disposition. *In re T.R.S.*, 115 S.W.3d at 321.

In his first issue, S.C. challenges the sufficiency of the evidence to sustain the trial court finding that he had violated his juvenile probation by committing the felony offense of evading detention while using a motor vehicle. A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (Vernon 2003). In his argument under this issue, S.C. recognizes the rule that there does not have to be direct evidence that he knew that a peace officer was attempting to detain him and that circumstantial evidence and reasonable inferences from that evidence will suffice. *See Hankins v. State*, 646 S.W.2d 191, 198-99 (Tex. Crim. App. 1983); *Wright v. State*, 855 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

It is also well established that a person's intent and knowledge can be inferred from his acts, words, and conduct. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); *see also Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). In this case, S.C.'s knowledge that Deputy Hoban was a peace officer could reasonably be inferred from testimony that (1) the deputy pursued him for some distance at a high rate of speed with his lights flashing; (2) after crashing his vehicle into a utility pole, S.C. jumped out of his vehicle and ran away; (3) when S.C. saw another deputy and his patrol car outside his mobile home, he ran into the home, jumped into his bed, and attempted to act as if nothing had happened before; and (4) S.C. told the deputy that he knew the officer was trying to stop him. Suffice it to say, this evidence was sufficient to justify the trial court in concluding that S.C. had committed the offense of evading arrest or detention with a motor vehicle thereby violating Section 38.04(a). Therefore, S.C.'s first issue does not reveal reversible error, and it is overruled.

In his second issue, S.C. contends the trial court abused its discretion by failing to apply appropriate progressive sanction guidelines to him. In considering that contention, we note the provision of our Family Code that a disposition based upon a finding that a child engaged in delinquent conduct that violated a penal law of felony grade may be modified so as to commit the child to the Texas Youth Commission "if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." TEX. FAM. CODE ANN. § 54.05(f) (Vernon 2008).

3

The trial evidence here revealed that on November 16, 2006, S.C. was first placed on juvenile probation for a period of one year because he committed the felony grade offense of possession of more than four ounces of marihuana. Because of that, if S.C. had otherwise violated his probation, the trial court could have remanded him to the TYC even if the State had failed to establish the new felony evading charge. A juvenile trial court has broad discretion in determining a suitable disposition of a child who has been adjudicated to have engaged in delinquent conduct. *In re A.S.*, 954 S.W.2d 855, 861 (Tex. App.—El Paso 1997, no pet.).

In September 2007, S.C. admitted to violations of his initial probation, which led to a one-year extension of that juvenile probation. In the course of that hearing, he admitted to the following: (1) positive urinalyses for marihuana on two occasions; (2) failing to follow curfew regulations on several occasions; (3) failing to report to his probation officer on several dates; (4) failing to attend school on several dates; (5) failing to complete his required community service hours; and (6) failing to attend and participate in substance abuse evaluation and counseling.

The record demonstrates that, for a continued period of time, S.C. failed to comply with his conditions of juvenile probation. The record also demonstrates that these violations occurred while S.C. was living with his mother and would justify the trial court in concluding that she was not capable of providing proper care, support, and supervision of S.C.

In sum, both the felony offense with which S.C. was charged and his history of repeated violations while on juvenile probation amply justify the trial court's decision to remand S.C. to the Texas Youth Commission. Accordingly, we must, and do hereby, overrule both of S.C.'s issues.

The judgment of the trial court is affirmed.

JOHN T. BOYD
SENIOR JUSTICE

September 24, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Boyd, S.J.[1]

---

[1]John T. Boyd, Retired Chief Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.