Opinion filed September 24, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September
24, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00060-CV

                                                       ________

 

                              IN
THE MATTER OF S.C., A JUVENILE

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                     Trial
Court Cause No. 5657

 



 

                                             M
E M O R A N D U M   O P I N I O N

S.C.
brings this appeal from an order of the trial court modifying its prior
disposition of his juvenile proceeding and remanding him to the custody of the
Texas Youth Commission  (TYC).  In doing so, he presents two issues for our
determination.  In his first issue, he contends that the trial court abused its
discretion by finding he had committed a felony deserving TYC sentencing.  In
his second issue, he argues that the trial court abused its discretion by
failing to apply appropriate progressive sanction guidelines to him. 
Disagreeing that reversible error is shown, we affirm the judgment of the trial
court.

                                                              Factual
Background








Kristopher
George Hoban, a Midland County sheriff=s
deputy, testified that, in the early morning hours of September 30, 2007, he
was driving home when he noticed another vehicle behind him traveling at a
speed that his car radar unit indicated was 99 miles per hour.  He was still
ahead of the approaching vehicle, so he pulled off the highway and waited for
the other vehicle to pass him.  As he pulled out in pursuit of the vehicle and
in attempting to stop the other vehicle, he activated his emergency lights and
notified the sheriff=s
dispatcher that he was in pursuit of the vehicle.  He said that the other
vehicle increased its speed to about 110 miles per hour, failed to make a turn
at a county road intersection, and hit a utility pole.  The driver, later
determined to be S.C., quickly got out of the vehicle and ran away through a
very brushy field.  The officer went through the abandoned vehicle and found a
trailer park address of 2603 South County Road 1223-1/2, Space No. 2 in
Midland.

The
officer relayed this information by radio, and two other Midland County sheriff=s deputies proceeded to the
address given by him.  One of the officers noticed a Hispanic male in dark
clothing running down the alley behind the mobile homes and entering one of
them.  The officers entered the mobile home where they were directed toward the
back bedroom in which they discovered S.C. smelling of alcohol and trying to
ignore them.  S.C. was handcuffed and taken to the vehicle of one of the
investigating officers.  He was then taken to Deputy Hoban and, according to
the officer, admitted that he knew the officer was trying to stop him.

At
the time of this arrest, S.C. was already on juvenile probation and had been
enrolled in a substance abuse outpatient program called Top Rank Youth
Program.  Because he only attended fifteen out of the forty required
conferences for the full counseling program, he had been discharged on the
basis of his noncompliance.  S.C.=s
assigned juvenile probation officer was Clint Gregory.  Gregory testified that
S.C.=s probation had
already been extended one time and that, at the time of the incident we review
here, he was under intensive supervision.  During the period of his probation,
S.C. had violated his curfew, had been late in school enrollment, had failed to
pay probation fees, and had failed to complete required community service
hours.  He had also failed to report on two occasions and had had a public
intoxication offense charged against him.  S.C.=s
biological mother testified about the difficulties in getting S.C. enrolled in
school because of Acredit@ problems.

                                                                      Discussion








We
review a trial court=s
modification of a juvenile disposition under an abuse of discretion standard.  In
re T.R.S., 115 S.W.3d 318, 320 (Tex. App.CTexarkana 2003, no pet.).  Because a trial
court is in the best position to judge the credibility and demeanor of
witnesses, great deference should be given to the court=s decision.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997); In re T.R.S., 115 S.W.3d at 321. 
The violation of one condition of probation when shown by a preponderance of
the evidence is sufficient to support a trial court=s decision to modify disposition.  In re
T.R.S., 115 S.W.3d at 321.

In
his first issue, S.C. challenges the sufficiency of the evidence to sustain the
trial court  finding that he had violated his juvenile probation by committing
the felony offense of evading detention while using a motor vehicle.  A person
commits the offense of evading arrest or detention if he intentionally flees
from a person he knows is a peace officer attempting to arrest or detain him.  Tex. Penal Code Ann. ' 38.04(a) (Vernon 2003). In
his argument under this issue, S.C. recognizes the rule that there does not
have to be direct evidence that he knew that a peace officer was attempting to
detain him and that circumstantial evidence and reasonable inferences from that
evidence will suffice.  See Hankins v. State, 646 S.W.2d 191,
198-99 (Tex. Crim. App. 1983); Wright v. State, 855 S.W.2d 110, 112
(Tex. App.CHouston
[14th Dist.] 1993, no pet.).

It
is also well established that a person=s
intent and knowledge can be inferred from his acts, words, and conduct.  Dues
v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); see also
Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980).  In this
case, S.C.=s knowledge
that Deputy Hoban was a peace officer could reasonably be inferred from
testimony that (1) the deputy pursued him for some distance at a high rate of
speed with his lights flashing; (2) after crashing his vehicle into a utility
pole, S.C. jumped out of his vehicle and ran away; (3) when S.C. saw another
deputy and his patrol car outside his mobile home, he ran into the home, jumped
into his bed, and attempted to act as if nothing had happened before; and (4)
S.C. told the deputy that he knew the officer was trying to stop him.  Suffice
it to say, this evidence was sufficient to justify the trial court in
concluding that S.C. had committed the offense of evading arrest or detention
with a motor vehicle thereby violating Section 38.04(a).  Therefore, S.C.=s first issue does not
reveal reversible error, and it is overruled.

In
his second issue, S.C. contends the trial court abused its discretion by
failing to apply appropriate progressive sanction guidelines to him.  In
considering that contention, we note the provision of our Family Code that a
disposition based upon a finding that a child engaged in delinquent conduct
that violated a penal law of felony grade may be modified so as to commit the
child to the Texas Youth Commission Aif
the court after a hearing to modify disposition finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court.@  Tex. Fam. Code Ann. '
54.05(f) (Vernon 2008).








The
trial evidence here revealed that on November 16, 2006, S.C. was first placed
on juvenile probation for a period of one year because he committed the felony
grade offense of possession of more than four ounces of marihuana.  Because of
that, if S.C. had otherwise violated his probation, the trial court could have
remanded him to the TYC even if the State had failed to establish the new
felony evading charge.  A juvenile trial court has broad discretion in
determining a suitable disposition of a child who has been adjudicated to have
engaged in delinquent conduct.  In re A.S., 954 S.W.2d 855, 861 (Tex.
App.CEl Paso 1997, no
pet.).

In
September 2007, S.C. admitted to violations of his initial probation, which led
to a one-year extension of that juvenile probation.  In the course of that
hearing, he admitted to the following:  (1) positive urinalyses for marihuana
on two occasions; (2) failing to follow curfew regulations on several
occasions; (3) failing to report to his probation officer on several dates; (4)
failing to attend school on several dates; (5) failing to complete his required
community service hours; and (6) failing to attend and participate in substance
abuse evaluation and counseling.

The
record demonstrates that, for a continued period of time, S.C. failed to comply
with his conditions of juvenile probation.  The record also demonstrates that
these violations occurred while S.C. was living with his mother and would
justify the trial court in concluding that she was not capable of providing
proper care, support, and supervision of S.C.

In
sum, both the felony offense with which S.C. was charged and his history of
repeated violations while on juvenile probation amply justify the trial court=s decision to remand S.C.
to the Texas Youth Commission.  Accordingly, we must, and do hereby, overrule
both of S.C.=s issues.

The
judgment of the trial court is affirmed.

 

 

JOHN T. BOYD

SENIOR JUSTICE

 

September 24,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Boyd, S.J.[1]









[1]John T. Boyd, Retired Chief Justice, Court of Appeals,
7th District of Texas at Amarillo, sitting by assignment.