NO. 07-11-00146-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
MARCH 21, 2012
--------------------------------------------------------------------------------

 
 LUIS ANGUEL RICO, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;
 
 NO. A18507-1008; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 Appellant, Luis Anguel Rico, was convicted of the offense of evading arrest or detention with a motor vehicle, enhanced by a prior evading with a vehicle conviction. Additionally, the primary offense was enhanced by allegations that appellant had been previously convicted of a felony offense. After being found guilty of the primary offense, appellant pleaded true to the enhancement portion of the indictment, and the jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of ten years and assessed a fine of $1,500. Appellant appeals his conviction contending that the evidence is insufficient to sustain the conviction. We affirm.
 Factual Background
 On June 24, 2010, Department of Public Service Trooper Corey Kernell was advised by radio contact to be on the lookout for a black or dark blue pick-up truck thought to be headed north toward Plainview that had been involved in a hit and run accident in Lubbock County. Shortly after receiving the communication, Kernell observed a dark pick-up that matched the description headed north on IH-27 at a high rate of speed. As he met the truck, Kernell checked the speed of the pick-up on radar at 106 mph. Kernell turned around and began pursuing the pick-up. After Kernell began his pursuit, the vehicle accelerated to 124 mph. Kernell had not initially activated his lights and siren but did so as after a period of time. Appellant pulled off the interstate at the exit before the intersection of IH-27 and US 70 in Plainview. While on the service road, appellant's vehicle slowed to 85 mph. After going through the intersection of the service road for IH-27 and US 70, appellant's pick-up again accelerated to 100 mph. The speed limit on the access road is 55 mph. Upon approaching the intersection of the access road and US 194, the pick-up tried to make a right turn and struck the curb and came to rest near some railroad tracks. A City of Plainview officer observed the pick-up come to rest as he approached it in his patrol car. The officer observed someone running from the pick-up, and that person was apprehended and identified as appellant. When Kernell pulled in behind the pick-up, very shortly after the failed right turn, he observed that the pick-up was still running and in gear. 
 During Kernell's testimony, he admitted that he did not activate his emergency lights and siren during the first couple of minutes of the chase. Kernell also testified that, during his pursuit of the pick-up he closed within about three-quarters of a mile when the pick-up went through the intersection of the access road of IH 27 and US 70. Kernell admitted that simply turning on his emergency lights and siren did not necessarily mean that someone would have known that a peace officer was trying to stop them.
 After hearing the evidence, the jury returned a verdict of guilty. Appellant has perfected his appeal and contends that the evidence is insufficient to sustain the conviction. Appellant's position is that there is insufficient evidence to show that appellant knew he was fleeing a peace officer who was attempting to lawfully arrest or detain him. We disagree and will affirm the trial court's judgment.
 Standard of Review
In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks v. State, 323 S.W.3d 893, 917 (Tex, Crim.App. 2010) (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906, 907 n.26 (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448 - 50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.
 Evading Arrest or Detention
 In order to prove appellant was guilty of the offense charged in the indictment the State had to prove the following elements:
1) Appellant;
2) Intentionally flees from a person he knows to be a peace officer;
3) Attempting to lawfully arrest or detain him;
4) Appellant used a motor vehicle while in flight; and
5) He had previously been convicted of this offense.
See Tex. Penal Code Ann. § 38.04(b)(2)(A).
 
 Analysis
 Appellant contends that the evidence is insufficient to sustain the jury's verdict as to one aspect: whether there is sufficient evidence that he knew that a peace officer was attempting to arrest or detain him. According to appellant's theory there was no testimony that showed that appellant saw or should have been able to see the peace officer in pursuit of him until after he stopped the pick-up and attempted to flee on foot. He points to the fact that Kernell did not immediately turn on his emergency lights and siren as indicative of the fact that he did not know a peace officer was attempting to arrest or detain him. 
 We begin with the proposition that circumstantial evidence is as probative as direct evidence and can suffice to establish the guilt of an actor. See Lawson v. State, No. 04-10-00684-CR, 2011 Tex. App. LEXIS 7465, at *5 (Tex.App. -- San Antonio Sept. 14, 2011, no pet.) (mem. op., not designated for publication) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007)). Next, knowledge that a peace officer is attempting to detain or arrest a subject can be established through circumstantial evidence. See Fox v. State, No. 07-04-0113-CR, 2005 Tex. App. LEXIS 8201, at *3-4 (Tex.App. -- Amarillo Oct. 4, 2005, no pet.) (mem. op.) (per curiam) (citing Wright v. State, 855 S.W.2d 110, 112 (Tex.App. -- Houston [14[th] Dist.] 1993, no pet.)).
 The facts of this case are that appellant was travelling 106 mph when he met Kernell. As Kernell turned to pursue, appellant's speed increased to 124 mph. Appellant's speed stayed very high until he exited IH-27, shortly before the access road intersected with US 70. By this time, Kernell had his emergency equipment activated. During this portion of the pursuit, Kernell testified he got as close as three-quarters of a mile from appellant with only one vehicle between the patrol car and appellant's pick-up. Yet, appellant increased his speed to 100 mph and continued to flee until he failed to make the right turn at the intersection of the access road and US 194. Appellant's pick-up truck apparently hit high center and would not move, whereupon appellant abandoned the pick-up without either shutting the engine off or taking it out of gear. From these circumstantial facts, the jury found appellant guilty of evading arrest or detention by using a motor vehicle.
 We have reviewed the DVD of the chase. Our review of the DVD reveals that after appellant exited IH-27 onto the access road, his tail lights can be seen in front of Kernell's vehicle. There was initially one vehicle between Kernell and appellant. That vehicle moved aside, and appellant's vehicle can be clearly seen. At this point in time, appellant again accelerated until he reached the intersection of US 194 and the access road. The DVD reveals appellant attempting to pull away from Kernell's vehicle until he failed to make the right turn and high centered his vehicle. Everything in the DVD is consistent with Kernell's description of the chase and ultimate capture of appellant. After reviewing this evidence in the light most favorable to the jury's verdict, we find that the jury's decision to convict appellant was a rational decision. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.
Appellant cites the Court to Redwine v. State, 305 S.W.3d 360, 362 (Tex.App. -- Houston [14[th] Dist.] 2010, pet. ref'd), for the proposition that the evidence was not sufficient. In Redwine, the peace officers never turned on their emergency lights or siren. Id. at 361. Also, in Redwine the appellant testified that he turned off the main road to avoid contact with the deputies because his driver's license was suspended. Id. at 363. The court in Redwine eventually concluded that the gravamen of the offense is evading arrest or detention and not simply the evasion of a police officer. Id. at 364. Based on the evidence regarding what appellant was attempting to do and the use of the emergency lights and sirens, the court eventually concluded that the evidence was insufficient. Id. at 368.
The opinion in Redwine does not control our disposition of this matter, on a number levels. Factually, the cases are distinguishable. First, in Redwine, the officers never turned their emergency lights and siren on, whereas, in our factual setting, Kernell did not immediately turn them on but did so once he closed within clear sight of appellant's vehicle. The emergency lights remained activated for the last two miles of the chase. Second, after Kernell turned his emergency lights on, appellant again accelerated to approximately 100 mph on the IH-27 access road. Finally, in our fact pattern, appellant abandoned the car and attempted to flee on foot without ever turning the car off or taking it out of gear. Appellant contends this is so because he was fleeing the Plainview officer. However, the Plainview officer testified that he did not have any emergency lights or sirens operating as he approached the pick-up truck. Additionally, leaving the pick-up running and in gear is circumstantial evidence that appellant knew he was being pursued when he lost control of the pick-up. 
 Accordingly, appellant's issue is overruled.
 
 Conclusion
 Having overruled appellant's single issue, we affirm the trial court's judgment.

 Mackey K. Hancock
 Justice

Do not publish.