# NO. 12-24-00006-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CEDRIC BERNARD HICKS, APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cedric Bernard Hicks appeals his conviction for evading arrest in a vehicle. In his sole issue, he challenges the sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

Appellant was indicted for evading arrest with a vehicle.[1] The indictment contained an enhancement paragraph alleging that he had a prior felony conviction, elevating the punishment level to that of a second-degree felony.[2] Appellant pleaded "not guilty" to the offense, and because Appellant waived his right to a jury trial, the matter proceeded to a bench trial.

Palestine Police Officer Nicholas Martinez testified that while in his marked patrol unit, he saw Appellant's vehicle stopped at a stop sign facing his vehicle on the opposite side of the roadway. Officer Martinez observed that Appellant's vehicle had an expired registration sticker. The officer turned around and positioned his patrol vehicle behind Appellant's vehicle. Officer Martinez activated his emergency lights and sirens. However, Appellant proceeded down the

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).

[2] *See id.* § 12.42(a) (West 2019).

roadway without speeding.  Officer Martinez testified that he followed Appellant at approximately 100 feet behind him and maintained sight of Appellant's vehicle the entire time.  The officer also stated that he smelled marijuana while following the vehicle but could not see any smoke emanating from it.  Appellant finally stopped at his residence, which was nearly 0.4 miles from where Officer Martinez initially activated his emergency lights and siren.

Officer Martinez performed a felony stop with his service weapon drawn.  Appellant expressed confusion as to why he was stopped.  During this time, Appellant made the statement to Officer Martinez, "Nobody running from you!"  Officer Martinez replied, "Then why didn't you stop?" Appellant answered that his "insurance was out."  The officer ultimately arrested Appellant and a search of the vehicle revealed a small bag of marijuana in the center console.

The trial court found Appellant "guilty" of the offense and Appellant pleaded "true" to the enhancement paragraph.  After a punishment hearing, the trial court sentenced Appellant to eight years of imprisonment.  This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is insufficient to support a finding that he intended to flee from Officer Martinez.

### Standard of Review

The standard of review for sufficiency of the evidence is whether any rational finder of fact could have found the appellant guilty beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence.  *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks*, 323 S.W.3d at 898–99.  The trier of fact is the sole judge of the credibility of the witnesses and can believe all, some, or none of the testimony presented, and a reviewing court affords almost complete deference to a factfinder's decision when that decision is based upon an evaluation of credibility.  *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the

trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326, 99 S. Ct. 2781; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Even if every fact does not point directly and independently to the guilt of the accused, the cumulative force of all the circumstantial evidence can be sufficient for the trier of fact to find the accused guilty beyond a reasonable doubt. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**Applicable Law**

A person commits the offense of evading arrest or detention if, while using a vehicle, "he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016). A person acts "intentionally" with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a) (West 2021).

Intent is a question of fact for the factfinder. *See Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003). Intent is to be determined from all of the facts and the surrounding circumstances. *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex. App.—San Antonio 1990, no pet.). The factfinder may infer intent from the acts, conduct, and remarks of the accused. *See Gant v. State*, 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Intent need not be proven by direct evidence and "is almost always proven by circumstantial evidence." *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd); *see also Martin v. State*, 246 S.W.3d 246, 263 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (noting that proof of culpable mental state almost invariably relies upon circumstantial evidence). As long as the finding of a culpable intent is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is most reasonable. *Isassi v. State*, 330 S.W.3d 633, 643 (Tex. Crim. App. 2010).

In determining whether a defendant intended to evade, "the relevant inquiry is whether there was an attempt to flee or delay the detention." *Baines v. State*, 418 S.W.3d 663, 670 (Tex. App.—Texarkana 2010, pet. ref'd). Courts may consider the speed, distance, and duration of a pursuit as factors in determining whether a defendant intentionally fled. *Griego v. State*, 345

S.W.3d 742, 751 (Tex. App.— Amarillo 2011, no pet.). However, no particular speed, distance, or duration is required to show the requisite intent if other evidence establishes such intent. *Id.*

Fleeing "is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.). "[S]uch a delayed compliance legitimately can be found to be an attempt to evade arrest or detention." *Id.* "The statute does not require high-speed fleeing, or even effectual fleeing." *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). "Thus, under the law, fleeing slowly is still fleeing." *Id.*

## Discussion

Appellant argues that the evidence is insufficient to support the trial court's finding that he intentionally fled from a person he knew was a peace officer. We disagree.

First, we note that there need not be direct evidence that Appellant had knowledge that Officer Martinez was attempting to arrest him. *See Wright v. State*, 855 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1993, no pet.). Knowledge that one is a peace officer attempting to detain or arrest a suspect can be established through circumstantial evidence. *Id.* Officer Martinez testified that he was in his marked patrol car with his emergency lights and sirens activated after turning around and following Appellant at a distance of approximately 100 feet until he stopped at his residence. This was confirmed by the bodycam and patrol unit video footage admitted at trial. This evidence is sufficient for the factfinder to make a reasonable conclusion that Appellant knew a police officer was attempting to arrest or detain him.

Second, the speed, distance, and duration of the pursuit were sufficient for a reasonable factfinder to conclude Appellant intended to evade arrest. Appellant mostly maintained the speed limit of 35 miles per hour and did not exceed 50 miles per hour. However, fleeing slowly is still fleeing. *See Mayfield*, 219 S.W.3d at 541. The distance of the pursuit was nearly 0.4 miles until Appellant reached his residence. There is no required distance for a person to flee and anything less than prompt compliance with an officer's direction to stop constitutes fleeing under the law. *Griego*, 345 S.W.3d 742, 751; *Horne*, 228 S.W.3d at 446; *Mayfield*, 219 S.W. 3d at 541.

In *Lopez v. State*, a case we conclude is analogous and persuasive, the officer testified that he was behind the defendant with his lights and sirens activated for approximately 0.6 miles for a period of one and a half minutes until finally coming to a stop in his driveway. *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.). The defendant testified that he did not

4

see the lights or hear the sirens. *Id.* The officer acknowledged that the defendant was not accelerating or driving recklessly after he exited the highway. *Id.* The court held that this speed, distance, and duration were sufficient for a reasonable jury to infer that the defendant was aware the officers were attempting to detain him but intended to flee to the driveway of his house. *Id.*

Similar to *Lopez*, Officer Martinez had his lights and sirens activated on his marked patrol unit while following Appellant at a distance of approximately 100 feet. Appellant nevertheless continued driving for nearly 0.4 miles until stopping at his residence. Also similar to *Lopez*, Appellant did not drive recklessly or accelerate away from Officer Martinez. The fact that he did not promptly comply with the officer's clear signals to stop, but continued driving away from him for 0.4 miles, is sufficient for a factfinder to reasonably infer that the defendant knew of the officer and intentionally evaded him.

Finally, Appellant's remarks and his marijuana possession provide a reasonable inference that he intended to evade arrest. Appellant was asked by Officer Martinez why he did not stop, and he responded with a comment that his "insurance was out." A reasonable conclusion could be drawn from this admission that Appellant was aware Officer Martinez attempted to detain him yet he intended to evade. Officer Martinez also testified that he could smell marijuana emitting from the vehicle and Appellant was found to have marijuana in the center console of the vehicle. A rational trier of fact could conclude that the defendant intended to evade because he knew he was in possession of marijuana.

In conclusion, the State provided sufficient evidence for a factfinder to reasonably conclude that the defendant knew Officer Martinez was a peace officer and he intentionally fled from him. *See* TEX. PENAL CODE ANN. § 38.04(a).

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the trial court's judgment is *affirmed*.

**BRIAN HOYLE**
Justice

Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00006-CR**

**CEDRIC BERNARD HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-23-36313)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*